# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANNY LEE, | DOCKET NUMBER |
| Appellant, | SF-3443-22-0600-I-1 |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | DATE: August 13, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Danny Lee, Poway, California, pro se.

Jamie L. Barnhill, Esquire, and Angeline S. Reese, Esquire, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging his nonselection for four positions for lack of jurisdiction and dismissed his challenge to his 2018 resignation as involuntary on

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the grounds of adjudicatory efficiency. On petition for review, the appellant argues that he was deprived of due process and subjected to discrimination when he was denied a hearing on his appeal and the ability to conduct discovery, accuses the agency of destroying evidence and withholding information, reargues that his 2018 resignation decision was involuntary, and states that he has filed equal employment opportunity complaints and complaints with the Office of Special Counsel (OSC) in connection with his claims. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant's involuntary resignation claim is barred by the doctrine of collateral estoppel instead of on the grounds of adjudicatory efficiency and to find that the appellant's challenge to his nonselection for the Benefit Authorizer position is also barred by collateral estoppel, we AFFIRM the initial decision.[2]

---

[2] Regarding the appellant's assertion on review that he "sought assistance from the Office of Special Counsel," it is unclear whether the appellant is referring to OSC complaints that he has addressed in prior Board appeals or a newly filed OSC complaint. Petition for Review File, Tab 9 at 7. Nevertheless, to the extent the appellant may have filed a whistleblower reprisal complaint with OSC, he may file an IRA appeal with the Board's regional office in accordance with the Board's regulations. *See* 5 C.F.R. §§ 1209.5, 1209.6. The appellant should carefully review the Board's regulations to determine whether any IRA appeal he may file is timely.

¶2      In the initial decision, the administrative judge considered the appellant's claim that his July 2018 resignation was involuntary but dismissed that claim for lack of jurisdiction on the grounds of adjudicatory efficiency, reasoning that the appellant had filed a prior Board appeal challenging his resignation, that appeal resulted in a decision finding that the Board lacked jurisdiction over his claim, and a petition for review of the initial decision in that prior case was then pending before the Board.  Initial Decision (ID) at 9-10; *see Lee v. Social Security Administration*, MSPB Docket No. SF-0752-18-0753-I-1 (0753 IAF), Tab 27, Initial Decision (0753 ID); 0753 Petition for Review File, Tab 1.

¶3      As the administrative judge correctly noted, when an appellant files an appeal that is identical to claims raised in an earlier appeal after the initial decision in an earlier appeal was issued but before the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency.  *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007).  Conversely, dismissal of an appeal as barred by collateral estoppel is appropriate when the following conditions have been met:  (1) the issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action.  *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 5 (2014); *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).  Collateral estoppel is only appropriate when there is a final judgment in the previous litigation.  *Zgonc*, 103 M.S.P.R. 666, ¶ 6.

¶4      At the time the administrative judge issued his initial decision, the appellant's petition for review in his prior appeal was still pending before the Board.  However, the Board now has issued its decision on the petition for review

in that case, affirming the initial decision dismissing his appeal for lack of jurisdiction, so the administrative judge's basis for dismissing the appeal is no longer valid. *See McNeil*, 100 M.S.P.R. 146, ¶ 11; *Lee v. Social Security Administration*, MSPB Docket No. SF-0752-18-0753-I-1, Final Order (Feb. 23, 2024). Each of the elements for the application of collateral estoppel to the current appeal have been met here; the appellant's involuntary resignation claim in the prior appeal was identical to the claim raised here, the issue of the Board's jurisdiction over the appellant's appeal challenging his resignation as involuntary was actually litigated in the prior appeal, that determination was necessary to the resulting judgement in the prior appeal, and the appellant had a full and fair opportunity to litigate the issue in his prior Board appeal. Under such circumstances, it is appropriate to dismiss the appellant's claim challenging his 2018 resignation as involuntary in the instant appeal based on the doctrine of collateral estoppel rather than on the basis of adjudicatory efficiency, and we modify the initial decision in the instant appeal accordingly. *McNeil*, 100 M.S.P.R. 146, ¶ 11.

¶5    Regarding the appellant's remaining argument. – his challenges to his nonselection for four vacancies announced by the agency – in the initial decision, the administrative judge determined that the appellant had not sought to invoke the Board's jurisdiction over the nonselections as an employment practices claim, a suitability action, an appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335), or an appeal under the Veterans Employment Opportunities Act of 1998. ID at 4-6. Further, addressing whether the appellant's allegation that his nonselections were in reprisal for whistleblowing or protected activity under 5 U.S.C. § 2302(b)(8) or (9), the administrative judge acknowledged that in his pleadings the appellant appeared to have asserted jurisdiction on the theory of a prohibited personnel practice, including whistleblower reprisal, and potentially invoked Board jurisdiction over these nonselections as an individual right of

action (IRA) appeal.  ID at 6.  He nevertheless concluded that the appellant had not demonstrated that he exhausted his administrative remedies with OSC or otherwise indicated that he raised his nonselection claim with OSC.  ID at 6-8 & n.3.  Accordingly, he determined that the appellant failed to demonstrate that he exhausted his administrative remedies with OSC and thus failed to establish Board jurisdiction over his appeal as an IRA.  ID at 8.  Consequently, he concluded that the appellant failed to establish Board jurisdiction over his nonselection appeal and dismissed that portion of the appeal for lack of jurisdiction.  ID at 8.

¶6        We agree with the administrative judge's findings on this point concerning the following three vacancy announcements:  (1) vacancy announcement DEU-11543245-22-ROII 070 (Legal Assistant – Hearing Customer Service Representative), (2) vacancy announcement SCHASN-11560491-22 (Career at SSA New York Region – Individual with Disabilities), and (3) vacancy announcement SH-11159892 (Auditor).  IAF, Tab 1 at 4, Tab 13 at 15-26, 31-37.  However, for the fourth and final position, vacancy announcement DEU-11546212-22 ROII 075 (Legal Administrative Specialist – Benefit Authorizer), the appellant previously challenged his nonselection for that position in a prior Board appeal.  *Compare* IAF, Tab 1 at 4, Tab 4 at 9, Tab 13 at 1, *with Lee v. Social Security Administration*, MSPB Docket No. SF-3443-22-0586-I-1 (0586 IAF), Tab 1 at 5, Tab 15 at 13.  In the initial decision in that prior Board appeal, the administrative judge determined that the appellant failed to establish that the Board had jurisdiction over his challenge to his nonselection for this position.  0586 IAF, Tab 21, Initial Decision (0586 ID) at 2-9.  That decision became final when the Board subsequently issued its decision affirming the administrative judge's findings on this point.  *Lee v. Social Security Administration*, MSPB Docket No. SF-3443-22-0586-I-1, Final Order (March 26, 2024).

¶7        As was the case with the appellant's involuntary resignation claim, all of the criteria for application of collateral estoppel have been met here: (1) the appellant's claim challenging his nonselection for the Benefit Authorizer position in the prior appeal was identical to the claim raised here; (2) the issue of the Board's jurisdiction over the challenge to this nonselection was actually litigated in the prior appeal; (3) that determination was necessary to the resulting judgment in the prior appeal; and (4) the appellant had a full and fair opportunity to litigate the issue in his prior Board appeal. *McNeil,* 100 M.S.P.R. 146, ¶ 11. Consequently, application of collateral estoppel to the appellant's challenge to his nonselection for the Benefit Authorize position in the instant appeal is appropriate, and we modify the initial decision to instead dismiss this nonselection claim as barred by collateral estoppel.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. &sect 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.